(28 App. Div. 500.)

### GURLEY v. FRIEDER.

(Supreme Court, Appellate Division, Second Department.   April 19, 1898.)

GUARANTY—CONSTRUCTION.
Where one gives a written guaranty of payment in order to procure a sale of goods to a third party, and the goods are delivered accordingly, the court will not fritter away the substance of the contract, and defeat the seller's right under the guaranty, by any subtle refinements, for, in the interest of stability and certainty in commercial dealings, effect should be given to the substance of the matter.

Appeal from trial term.

Action by George B. Gurley against William Frieder.     From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals.     Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edward Mandel, for appellant.
Charles S. Simpkins, for respondent.

WOODWARD, J.    On the 27th day of February, 1893, the defendant in this action delivered to the plaintiff a written guaranty, of which the following is a copy:

"George B. Gurley,. Manufacturers' Agent, Elastic Webbings, 107 Franklin Street, New York.

"Feb. 27th, '93.

"George B. Gurley, Esq.: I hereby guaranty the payment of $300 sold on your usual terms to my brother, Adolph Frieder, and, in the event he does not pay his bills when due to this extent, I pledge myself to pay them.

"Very truly,         .                                W. Frieder.

"Terms: 3%, 30 days.   All bills payable at maturity."

On the 17th day of June, 1897, the attorneys for the parties in this action entered into a stipulation that the goods were sold to Adolph Frieder by the plaintiff, and that there was then due the sum of $243.68, "subject, however, to the objection to be made by the defendant on the trial of this action that it is immaterial and irrelevant how many goods were sold by the plaintiff to the said Adolph Frieder since the making of the said guaranty mentioned in the complaint, dated the 27th day of February, 1893."    The defense interposed was a general denial of the guaranty in so far as it affected the sales of goods made in the latter part of 1895, on the grounds that the guaranty set forth in the pleadings was for a particular bill of goods ordered at the time of the issuing of the same, and that it did not extend to the subsequent purchases.

On the trial of the action it was sought to prove that the goods were not sold in compliance with the terms of the agreement, in that no discounts had been allowed, and that the terms of the sales were different from those set forth in the guaranty; some of the bills rendered having certain items marked "Net," while others were marked "3 per cent., tenth of following month," etc. The learned trial justice submitted to the jury the question of fact whether the goods were sold to the said Adolph Frieder in accordance with the terms of the guaranty. In charging the jury, after setting forth the agreement, and concluding as a matter of law that the guaranty was a continuing guaranty to pay his brother's debts to the extent of $300, where such debts were contracted with the plaintiff under the terms of the guaranty, the court says:

"Now, they having made that agreement, the law required that Mr. Gurley should limit his credit to the terms of that guaranty, if it is sought to hold the guarantor responsible. He could not give a credit for 60 days, during which period he would be unable to sue, and during which period the guarantor would be unable to pay the bill, and to sue his brother for it and hold under this guaranty; and therefore I say to you that the recovery in this case must be limited to the goods unpaid for, which were sold on the strength of that guaranty, which, as I understand it, has never been revoked, and only what were sold for the period of time allowed under the guaranty, thirty days' credit. You will take this testimony and these bills, and ascertain what amount that is. If there is none, the verdict will be for the defendant. If they were all sold on those terms, the verdict will be for the plaintiff for the full amount, $264.24; and if there were any sold under the guaranty, and on the terms of credit as provided for here, your verdict will be limited to that amount only, instead of $264.24. If you reduce the amount, of course you reduce the amount of interest proportionately. You are not compelled to take those statements that were made out as conclusive evidence that the credit was longer, but take all the evidence, what the witnesses on both sides have said, and the statements, so far as they furnish any light, and settle that question between the parties, and render your verdict accordingly."

Acting under these instructions, the jury brought in a verdict for the full amount.

We do not think the defendant has any just grounds of complaint under this charge of the trial court. It is a question open to debate whether the terms of the guaranty are not broad enough to admit of recovery, even if the statements rendered are to be accepted as giving the actual terms governing the transactions. The language of the guaranty is, "I hereby guaranty the payment of $300 sold on your usual terms;" and it may be contended, with no great strain upon the use of language, and in accord with commercial usage, that the words, "Terms, 3 per cent., 30 days," refer to the time which is to be given after the rendering of the statement of a running or open account, such as the one between this plaintiff and Adolph Frieder concededly was. The statement shown as Exhibit C bears date of February 15, 1896, while the items of the bill run from the 11th of September, 1895, to the 7th of December in the same year; and it is fair to assume that the terms referred to in the guaranty were for the time which might elapse after the rendering of the bill or statement during which the obligation might be discharged at a discount of 3 per cent. The mere memoranda figures, in connection with separate items, do not modify the agreement as between the parties to this action, and

there is nothing to indicate that the agreement was not lived up to in good faith on the part of the plaintiff. As was said by this court in the case of Krakauer v. Chapman, 16 App. Div. 115, 45 N. Y. Supp. 127:

"The purpose of this letter was to induce the plaintiffs to deliver the goods upon the defendant's credit. This purpose has been accomplished, and we ought not now to fritter away the substance of the contract, and defeat the plaintiffs' right by subtle refinement as to precise and particular procedure in payment. We should rather give effect to the substance of the matter in the interest of stability and certainty in commercial dealings."

Out of the conflicting testimony, with these statements before them, the jury, under a fair and impartial charge of the trial court, has found that the goods were sold to the brother of the defendant within the terms of the guaranty; and, this fact being established, we cannot discover any end of private justice or of public policy which is to be subserved by disturbing the judgment of the court below.

The judgment and the order appealed from are affirmed, with costs. All concur.